MARC E. JOHNSON, Judge.
12This appeal arises from the grant of a Motion for Summary Judgment in favor of Plaintiffs/Appellees, Harris Builders, L.L.C. and Lloyd Harris, Jr. (hereinafter referred to as “Plaintiffs”), against Defendants/Appellants, Kerry Dion Brown and Kerry D. Brown, L.L.C., from the 40th Judicial District Court, Division “C.” For the following reasons, the appeal is dismissed without prejudice, and the matter is remanded to the trial court for further proceedings.
According to the pleadings and record, this matter concerns the alleged breach of an oral construction contract. Defendants, the owners of real property, entered into a contract with Plaintiffs for the construction of a commercial office building. Plaintiffs allege that the parties came to an oral agreement that they would fund the construction of the office building at cost, or $278,000.00, at 5% annual interest, payable in monthly installments with a final payment due at the completion of the building. Defendant Kerry Dion Brown was legal counsel for Plaintiffs at the time the agreement was made, and Plaintiffs argue that Brown represented that the agreement would be reduced to writing, and the written | ¡¡contract would be filed in the Office of the Recorder of Mortgages for the Parish of St. John the Baptist.
Plaintiffs began construction on the office building on or about February 1, 2007. Defendant Brown allegedly assured Plaintiffs that he would reduce the contract to writing and make payments on the contract, while the office building was being constructed. In August 2007, Plaintiffs ceased construction of the building because of non-payment. Plaintiffs allege that Defendants began to use the office building and began leasing units in the building for rental income.
Plaintiffs filed a Petition for Damages on April 3, 2008, alleging that Defendants breached the oral construction contract. On April 25, 2008, Defendant Brown, representing himself and his limited liability company filed a Motion for Extension of Time to file an Answer to the Petition, which was granted by the trial court. On May 28, 2008, Defendant Brown filed his *940 Answer. Plaintiffs filed Exceptions of Vagueness and Non-Conformance with LSA-C.C.P. arts. 891 and 892 to clarify whether the affirmative statements in the Answer were considered as a reconven-tional demand.
On September 22, 2008, Plaintiffs propounded discovery requests on Defendants, which included interrogatories, a request for production of documents, and requests for admission. Defendants filed a Motion for Extension of Time to respond to the discovery requests, which was granted by the trial court. Despite the extension of time and the discovery conference, Defendants did not respond to the discovery requests.
On January 20, 2009, Plaintiffs filed a Motion for Summary Judgment alleging they were entitled to judgment as a matter of law due to Defendants’ failure to respond to the Request for Admissions of Fact. The hearing for the motion was originally scheduled for February 26, 2009. On February 25, 2009, ^Defendants retained counsel and filed a Motion to Continue for continuance of the hearing. The trial court granted the motion; however, the trial court barred Defendants from orally arguing the motion. The hearing was reset for March 9, 2009. On March 9, 2009, Defendants filed their Opposition to the Motion for Summary Judgment. The trial court took the matter under advisement.
On June 25, 2009, the trial court granted Plaintiffs Motion for Summary Judgment with written reasons. The trial court reasoned that Defendants’ lack of response to the Request for Admissions resulted in the admission of the facts, pursuant to LSA-C.C.P. art. 1467. As a result, Defendants were liable to Plaintiffs, which meant there were no remaining issues of genuine fact. Defendant filed a Motion for New Trial, which was denied by the trial court. The instant appeal followed.
On appeal, Defendants present the following issues: 1) whether the Louisiana Uniform Rules of District Court 9.8 and 9.9 require that a non-movant receive adequate notice of hearing in advance of a hearing sufficient to afford that party the opportunity to file a timely memorandum in opposition; 2) whether the trial court erred in granting the Motion for Summary Judgment when Plaintiffs failed to comply with Uniform Rule of District Court 9.10; and, 3) whether the trial court erred in concluding this case without ever ruling on Defendants’ affirmative defenses/reconven-tional demands, when those claims were never included in Plaintiffs’ Motion for Summary Judgment. '
Before we address the merits of the summary judgment in favor of Plaintiffs, we must address the appealability of the judgment itself. The judgment itself simply stated that the summary judgment had been granted in favor of Plaintiffs. However, the judgment makes no mention of a disposition for a reconventional demand.
|SA final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814. LSA-C.C.P. art. 2083. An interlocutory judgment is appealable only when expressly provided by law. Id.
LSA-C.C.P. art. 1915 provides, in pertinent part,
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment *941 by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of few than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
At this point in the matter, it is unclear to this Court whether Defendants’ Answer was also considered as a reconventional demand. All parties acknowledge that Exceptions of Vagueness and Non-Conformance with LSA-C.C.P. arts. 891 and 892 were filed by Plaintiffs in the trial court. The hearing for the exceptions was set for December 8, 2008. However, there is no indication in the record that the trial court ever ruled upon the exceptions. Additionally, all parties agree in their briefs that the trial court did not make a judgment regarding the exceptions. Plaintiffs assert that the exceptions are now moot. However, the determination of the trial court as to whether the Answer is also a reconven-tional demand is crucial in determining whether this Court has the jurisdiction to consider the instant appeal.
| r,Because the trial court did not make a clear ruling regarding Defendants’ possible reconventional demand, it is unknown whether the summary judgment is a final appealable judgment addressing all issues presented to the trial court or an interlocutory judgment rendering a partial final judgment. Consequently, this Court cannot proceed to address the merits of the instant appeal without having conclusive knowledge of the nature of the trial court’s judgment.
DECREE
Accordingly, the appeal is dismissed without prejudice, and the matter is remanded to the trial court for determination of Plaintiffs’ Exceptions of Vagueness and Non-Conformance with LSA-C.C.P. arts. 891 and 892. Each party is to bear his/its own costs for this appeal.

APPEAL DISMISSED; REMANDED TO TRIAL COURT FOR FURTHER PROCEEDINGS.